IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE ALBERT LUTTERODT, | § § | |
| Debtor. | § § | |
| JACKSON MILLER POTTER, et al., | § § | Civil Action No. 3:17-CV-2893-D |
| Plaintiffs-Appellees, | § § § | (Bank. Ct. No. 17-30208-HDH-13; Adv. No. 17-3016) |
| VS. | § § | |
| ALBERT LUTTERODT, | § § | |
| Defendant-Appellant. | § § § | |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FITZWATER, District Judge:

Defendant-appellant Albert Lutterodt ("Lutterodt") appeals the bankruptcy court's order, signed on September 30, 2017 and entered on October 2, 2017, denying his request for attorney's fees.[1]

"'The court reviews the bankruptcy court's conclusions of law *de novo*, but reviews its fact findings only for clear error.'" *In re Nary*, 253 B.R. 752, 756 (N.D. Tex. 2000) (Fitzwater, J.) (quoting *In re ICH Corp.*, 230 B.R. 88, 91 n.10 (N.D. Tex. 1999) (Fitzwater, J.). "'A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *In re Johnson Sw., Inc.*, 205

---

[1] The court grants Lutterodt's December 13, 2017 motion to supplement records on appeal to the extent that the court supplements the record on appeal with the documents submitted with the motion.

B.R. 823, 827 (N.D. Tex. 1997) (Fitzwater, J.) (quoting *In re Placid Oil Co.*, 158 B.R. 404, 412 (N.D. Tex. 1993) (Fitzwater, J.)). "'If the trier of fact's account of the evidence is plausible in light of the record viewed in its entirety, the appellate court may not reverse it.'" *Id.* (quoting *Placid Oil*, 158 B.R. at 412). "'[T]his court does not find facts. Neither is it free to view the evidence differently as a matter of choice.'" *Id.* (quoting *Placid Oil*, 158 B.R. at 412). "'The bankruptcy judge's "unique perspective to evaluate the witnesses and to consider the entire context of the evidence must be respected."'" *Id.* (quoting *Endrex Exploration Co. v. Pampell*, 97 B.R. 316, 323 (N.D. Tex. 1989) (Fitzwater, J.)).

The bankruptcy court conducted an evidentiary hearing on Lutterodt's motion and took the matter under advisement. Thereafter, the bankruptcy court filed an order in which it carefully explained its reasons for denying the request for attorney's fees under each of Lutterodt's theories. Having considered the bankruptcy court's order and the parties' briefs, the court concludes that Lutterodt has failed to demonstrate that the bankruptcy court erred as a matter of law, clearly erred in making any pertinent fact finding, or abused its discretion in denying Lutterodt's motion.[2]

Accordingly, the bankruptcy court's order denying defendant's request for attorney's fees is AFFIRMED.

March 13, 2018.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.